J-S06029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISRAEL TAYLOR | : | |
| | : | |
| Appellant | : | No. 1198 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 26, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001211-2018

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                     **FILED JUNE 14, 2022**

Israel Taylor appeals the judgment of sentence entered following his no contest plea to involuntary deviate sexual intercourse with a child ("IDSI").[1] He challenges the denial of his motion to withdraw his plea, the discretionary aspects of his sentence, and the constitutionality of his required registration under the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41. We affirm Taylor's conviction, vacate in part Taylor's judgment of sentence, and remand for further proceedings.

Taylor pleaded no contest to IDSI in January 2019, and the trial court sentenced him in June 2019 to 10 to 20 years' incarceration. The court also

_____

[1] 18 Pa.C.S.A. § 3123(b).

ordered him to register as a Tier 3 offender under SORNA. Because the assault of the victim occurred in 2015, Taylor was subject to the registration requirements in Subchapter H of SORNA. *See* Guideline Sentence Form, dated 7/1/19 (showing year of offense as 2015); 42 Pa.C.S.A. § 9799.10 (stating registration requirement under Subchapter H is "applicable to an individual who commits an offense on or after Dec. 20, 2012"). Taylor initially moved to withdraw his plea, in April 2019, but later withdrew the motion. He filed a timely post-sentence motion, which the court denied on July 23, 2019. Taylor did not file a direct appeal.

On May 26, 2020, Taylor filed a timely *pro se* Post Conviction Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel and in December 2020, it reinstated Taylor's post-sentence motion and direct appeal rights *nunc pro tunc*. *See* PCRA Petition, filed 5/26/20; Order-PCRA, filed 12/1/20.

Taylor filed a post-sentence motion challenging the constitutionality of the registration requirements under SORNA. He argued that it violated his due process rights "by creating an irrebuttable presumption of dangerousness," "imping[ing] on the right to reputation without notice and opportunity to be heard," and "unlawfully restrict[ing] liberty and privacy without notice and an opportunity to be heard." *See* Post-Sentence Motion as to Constitutionality of SORNA, filed 12/11/20, at ¶ 11. Taylor also filed a motion to obtain funding for a SORNA expert and a motion to withdraw his

plea. *See* Motion to Obtain Funding for SORNA Expert, filed 12/11/20; Post-Sentence Motion to Withdraw Plea of No Contest, filed 12/14/20.[2]

Taylor claimed that his plea was not knowing, intelligent, and voluntary. He alleged that but for his attorney's recommendation to withdraw his motion to withdraw his plea, he would have litigated the motion. He also claimed that he withdrew the motion because he did not have the finances to pay his attorney. He explained that he believed he had no choice but to withdraw the motion because he would not have counsel if the motion succeeded, and the case went to trial.

The post-sentence motion incorporated the arguments raised at the sentencing hearing before Taylor's post-sentence rights were reinstated. *Id.* at 36. These arguments included an allegation that "[Taylor's] maximum sentence is manifestly excessive where he accepted responsibility, has no prior history of criminal convictions, and was not deemed a sexually violent predator." Defendant's Post Sentence Motion, filed 7/15/19, at ¶¶ 6, 8.

_____

[2] The parties agreed that the post-sentence motion was timely. At the hearing on the motion, all parties agreed that the filing date marked by the PACFile system was a clerical error and that the motion in fact was filed on December 11. *See* N.T., Post-Sentence Motions Hearing, 3/12/21, at 7-8; 20 West's Pa.Prac., Appellate Practice § 125:1 ("PACFile is a service that provides parties the ability to electronically file documents on both new and existing cases with the Pennsylvania courts.... Those using PACFile receive automatic e-mail notifications when filings are made or orders are entered in their cases").

The trial court held a hearing on the motions where it heard testimony from Taylor and Taylor's plea counsel, Frederick Cutaio. Taylor's counsel at sentencing, Earl Raynor, testified at a later hearing.

Taylor testified that he did not speak with Attorney Cutaio about the nature of the charges against him before pleading no contest. *Id.* at 13. He also claimed that he did not know the elements of IDSI and that trial counsel did not review the sentencing implications. *Id.* He also alleged that Attorney Cutaio told him that he could plead no contest and if Taylor did not sign the plea deal, counsel would not represent him. *Id.* at 15. He testified that counsel told him that he would be imprisoned for life, and said that he was coerced and under duress when he entered the plea. *Id.* at 15, 16, 26.

Taylor said that following his plea, he hired new counsel, Attorney Raynor, to file a motion to withdraw his plea. He testified that Attorney Raynor told him that it would be better to withdraw the motion because he did not have the funds to pay counsel. *Id.* at 23-24. He said that he felt forced to withdraw the motion. *Id.* at 24.

Attorney Cutaio testified that he did not advise Taylor that he could be imprisoned for life or that he would not represent Taylor if he did not enter the no contest plea. *Id.* at 44, 47. He also said that he reviewed the plea colloquy form with Taylor. *Id.* at 44-45.

Attorney Raynor testified that Taylor initially told him that he wanted to withdraw his plea. However, he said that Taylor told him to withdraw the motion and that he wanted to proceed with sentencing. N.T., Hearing,

1/8/21, at 12, 14.[3] He testified that Taylor had not paid him but that he continued to represent Taylor through sentencing. *Id.* at 15. Counsel explained that although he filed a motion to withdraw as counsel before sentencing, he withdrew that motion. *Id.* at 15, 26.

After hearing from both parties, the court stated that regarding the SORNA issue, it would not be able to hold a hearing "until sometime after July[,]" by which time the motion would be denied by operation of law. *Id.* at 39. It noted that the SORNA experts that Taylor requested "are testifying in Chester County in the remand case, [*Commonwealth v.*] *Torsilieri*[, 232 A.3d 567 (Pa. 2020)], and are unavailable for some time between now and the Chester County hearing, and then for a little bit of time afterwards." *Id.* at 38-39.

The trial court denied relief. Regarding Taylor's plea, the court concluded that even if Taylor's arguments were accepted as true, "it does not demonstrate that the plea was not knowingly, voluntarily, and intelligently made." Memorandum Opinion and Order, filed 5/13/21, at 3. It also noted that the testimony of Attorney Cutaio and Attorney Raynor was "objectively supported by the record and consistent with the [c]ourt's real

---

[3] The transcript is dated January 8, 2021. However, at the end of the hearing, the court orally dictated an order for the parties to file briefs stating that the date of the hearing was April 20, 2021.

time observations." *Id.* at 8. As to the sentencing challenge, the court concluded that Taylor failed to raise a substantial question. *Id.* at 12.

The court did not address Taylor's SORNA challenge in its final order because, due to the passage of time, the motion was already denied by operation of law. *Id.* at 12-13. *See* Pa.R.Crim.P. 720(B)(3)(a) ("If the judge fails to decide the [post-sentence] motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law"). This timely appeal followed.

Taylor raises the following issues before this Court:

1. Did the trial court err in denying the Mr. Taylor's Motion to Withdraw [h]is plea?

2. Did the trial court err in the discretionary aspects of sentencing?

3. Did the trial court err in its decision denying Mr. Taylor's SORNA challenge?

Taylor's Br. at 3-4 (suggested answers and footnotes omitted).

Taylor's counsel has not briefed the first two issues. He states in the appellate brief that counsel finds no factual basis on which to argue them. *Id.* at 8, 10. We therefore will not address them further.[4]

For his final claim, Taylor argues that the trial court erred in its denial of his SORNA challenge. He claims relief under our Supreme Court's decision

_____

[4] In an advocate's brief, counsel should simply omit issues for which counsel finds no support.

- 6 -

in ***Commonwealth v. Torsilieri*** and maintains that the case should be remanded for the court to determine the merits of his SORNA challenge. For its part, the Commonwealth did not file a brief since it agrees that a remand is necessary pursuant to ***Torsilieri***. The trial court concludes the same in its Pa.R.A.P. 1925(a) opinion. ***See*** 1925(a) Opinion, filed 7/12/21, at 3.

***Torsilieri*** involved a challenge to the registration requirements under Subchapter H of SORNA. Torsilieri argued that the "registration and notifications provisions of Subchapter H violated his due process rights under the Pennsylvania Constitution." ***Torsilieri***, 232 A.3d at 573. At a hearing on the issue, the trial court permitted Torsilieri to "introduce affidavits and supporting documents of three experts concluding that sexual offenders generally have low recidivism rates and questioning the effectiveness of sexual offender registration systems such as SORNA." ***Id.*** at 574. The Commonwealth did not present any rebuttable evidence. The trial court held that Subchapter H was unconstitutional. The court then vacated the registration requirement of Torsilieri's sentence, and the Commonwealth appealed directly to our Supreme Court.

The Court remanded the case for the trial court "to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H." ***Id.*** at 596.

Here, like Torsilieri, Taylor challenged the constitutionality of SORNA regarding his required registration as a sex offender. He challenged whether the registration requirement violated his due process rights. The trial court did not hold a hearing because it found that it would be without jurisdiction by the time SORNA experts were available to testify. Without a hearing, there is no factual record to evaluate Taylor's SORNA challenge. As such, we vacate in part the order denying Taylor's post-sentence motion insofar as it relates to his challenge to his SORNA registration requirements. We remand pursuant to *Torsilieri* for evidentiary proceedings on the SORNA challenges raised in Taylor's post-sentence motion.

Judgment of sentence and conviction affirmed. Order denying post-sentence motion vacated only as to SORNA challenge. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2022